[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
Appeal from an assessment of damages in the amount of $500 made by the defendant Commissioner of Transportation in respect to the taking of access rights from the plaintiffs property to Kennedy Road in the town of Windsor. The parties stipulated that the date of taking was December 7, 1988 and that the deposit of $500 had been paid. The parties also waived their right to a viewing of the subject property.
The subject property consists of a 4.35 acre site improved with a 36,000 square-foot warehouse. The irregularly-shaped site is located in an industrial zone and the topography is level and clear. The subject has 750 linear feet of accessible frontage, 275 feet of which is being taken by the Commissioner, leaving the subject with 475 linear feet of accessible frontage. The subject is improved with two driveways accessing the property from Kennedy Road. Under the zoning regulations, no lot shall have more than one driveway for each 150 feet of frontage and where there is more than one driveway, they shall be at least 100 feet apart.
By agreement, the report of Milton Rome, a real estate appraiser, was received in evidence. Rome found that there was no severance damage resulting from the Commissioner's partial taking of access rights. Rome assumed that the taking of access rights was temporary and he therefore based his valuation on the rental value of those rights for a period of one year. Although the plaintiffs were aware that the acquisition of such rights was permanent and were given the opportunity to have Rome file a supplemental report, they did not avail themselves of the opportunity. They also chose not to avail themselves of the opportunity to file a trial brief.
Ann Maynard, a real estate appraiser employed by the Department of Transportation, testified as an expert witness on behalf of the Commissioner. She testified that the subject property is encumbered with a ten-foot right-of-way, a 15 to 20-foot drainage easement and a parking easement. It was her opinion that the drainage easement which runs through the middle of the subject could hinder future development. It was her further opinion that the before value of the subject was $348,000 and the after value, $347,500. She, therefore, found damages of $500. CT Page 4828
Giving due consideration to the reports of the experts and to my own knowledge of the elements that establish fair market value, I find that the plaintiff has failed to prove that its damages exceed the amount of the original assessment. New Milford Water Co. v. Watson, 75 Conn. 237, 246 (1902) Accordingly, judgment may enter for the defendant.
Leo Parskey, State Trial Referee.